Filed 7/29/26  P. v. Feliz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALFRED CARL FELIZ,<br><br>Defendant and Appellant. | F089267<br><br>(Super. Ct. No. BF148574B)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Jessica A. Eros, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

In 2015, appellant Alfred Carl Feliz was convicted by jury of participation in a criminal street gang (Pen. Code,[1] § 186.22, subd. (a)) and other crimes with gang enhancements (§ 186.22, subd. (b)(1)) attached. In 2025, he came before the court for recall and resentencing pursuant to section 1172.75 and now appeals from the judgment that followed.

Appellant contends the amendments made to section 188.22 by Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Assembly Bill 333) apply retroactively to his case and require reversal of the substantive gang offense conviction and gang enhancements. Respondent agrees that remand for further proceedings is required.

We accept respondent's concession that the Assembly Bill 333 amendments apply retroactively because appellant's judgment was not final following recall of his sentence, reverse his gang conviction and gang enhancements, and remand for further proceedings consistent with this opinion. Appellant's convictions are otherwise affirmed.

## PROCEDURAL BACKGROUND[2]

Following a jury trial, the jury convicted appellant of attempted murder (§§ 187, subd. (a)/664; count 1); kidnapping (§ 207, subd. (a); count 2); assault with a firearm (§ 245, subd. (a)(2); count 3); gang participation (§ 186.22, subd. (a); count 5); and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 8).

The jury also found true allegations that the attempted murder was willful, deliberate, and premeditated, perpetrated during the commission of a kidnapping and/or

[1] All further undesignated statutory references are to the Penal Code.

[2] The facts underlying appellant's convictions are set forth in this court's opinion in his prior appeal from the original judgment. (See *People v. Feliz* (Jan. 22, 2019, F071704 [nonpub. opn.].) While the present appeal was pending, we granted appellant's request to take judicial notice of the reporter's transcript and this court's opinion in the prior appeal. We need not include a summary of the facts underlying appellant's convictions here, as they are not relevant to the issue raised in the present appeal, given respondent's concession.

perpetrated by means of discharging a firearm from a motor vehicle at another person outside of the vehicle (§ 189); appellant discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)) in the commission of counts 1 and 2; he used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury (§ 12022.7) in the commission of counts 3, 5, and 8; and he committed the offenses underlying counts 1 through 3 and 8 for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)).

In a bifurcated court trial, the court found true that appellant had suffered a prior strike conviction (§§ 667, subds. (c)-(j), 1170.12, subds. (a)-(e)) and a prior serious felony conviction (§ 667, subd. (a)) and had served three separate prison terms (§ 667.5, subd. (b)).

Appellant was originally sentenced to 30 years to life, plus 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)), plus five years for the prior serious felony enhancement (§ 667, subd. (a)), plus two years for two prior prison term enhancements (§ 667.5, subd. (b)), on count 1. Punishment on counts 2, 3, 5, and 8 was stayed pursuant to section 654.

Appellant appealed from the original judgment, and this court affirmed the judgment.

On January 28, 2025, the trial court conducted a full resentencing pursuant to section 1172.75 because appellant's sentence included now-invalid prison prior enhancements under section 667.5, subdivision (b). The prosecutor moved appellant's certified "rap sheet" into evidence. Defense counsel requested the court to consider as circumstances in mitigation that appellant had a "commendable assignment history" while in custody; was seeking his associate's degree; and had participated in programing including substance abuse recovery, life skills, and a vocational technology class.

In ruling, the court noted it presided over the jury trial and was "mindful of the evidence that was presented, as well as the original sentence." The court noted it was

considering the factors raised by defense counsel as circumstances in mitigation, and was also considering the following factors in aggravation as evidenced by appellant's rap sheet: (1) appellant's prior convictions were numerous; (2) he was on postrelease community supervision when the crime was committed; and (3) his prior performance on juvenile probation, state parole, and postrelease community supervision was unsatisfactory.[3] In addition to striking the invalid prison prior enhancements, the court further noted it was going to strike punishment for the serious felony enhancements under section 667, subdivision (a) in light of the mitigating factors.

The court pronounced judgment as follows: as to count 1, 30 years to life, plus 25 years to life (§ 12022.53, subd. (d)). The court imposed and stayed punishment on the remaining counts and enhancements pursuant to section 654. Neither the parties nor the court made mention of Assembly Bill 333.

## DISCUSSION

### I.     Assembly Bill 333

In 2022, Assembly Bill 333 went into effect and made the following changes to the law on gang offenses and enhancements: "First, [Assembly Bill 333] narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.' (§ 186.22, subd. (f), italics added.) Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang. (§ 186.22, subd. (f), italics added.) Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal

---

[3]     The trial court considered the same aggravating circumstances at appellant's original sentencing in imposing the upper term of imprisonment on counts 2, 3, 5, and 8. At resentencing, the trial court again imposed upper terms of imprisonment on counts 2, 3, 5, and 8 before staying punishment pursuant to section 654.

activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense.  (§ 186.22, subd. (e)(1), (2).)  Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.'  (§ 186.22, subd. (g).)" (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)  Additionally, to prove collective engagement under amended section 186.22, subdivision (f), the prosecution must show "a nexus between the individual predicate offenses and the gang as an organized, collective enterprise."  (*People v. Clark* (2024) 15 Cal.5th 743, 749.)

## II.     Retroactivity

The parties agree, as do we, that Assembly Bill 333's amendments apply retroactively to appellant's case, as the judgment became nonfinal when he returned to the trial court under section 1172.75 for recall and resentencing.

"Assembly Bill 333 added new elements to the substantive offense and enhancements in [section 186.22], and [thus] its substantive changes apply retroactively to all nonfinal cases under *Estrada*[4]." (*People v. Lopez* (2025) 17 Cal.5th 388, 394 (*Lopez*), citing *People v. Tran*, *supra*, 13 Cal.5th at p. 1207.)

In *Lopez*, our high court found the superior court had jurisdiction to provide relief under Assembly Bill 333 after the case was conditionally reversed and remanded by the Court of Appeal to correct a sentencing error (*Lopez*, *supra*, 17 Cal.5th at p. 400), and the parties agree the same reasoning applies here.  The *Lopez* court explained that "when any

---

**4**      *In re Estrada* (1965) 63 Cal.2d 740.

aspect of a case is on appeal from sentencing, the 'case' or 'prosecution' has not been reduced to final judgment for *Estrada* purposes." (*Id*. at p. 397.)

Here, section 1172.75 required the trial court to "recall the sentence and resentence" appellant. (§ 1172.75, subd. (c).) The court was to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id*., subd. (d)(2).) As such, appellant's judgment became nonfinal for *Estrada* purposes, and the court should have addressed amendments made by Assembly Bill 333. (See *Lopez*, *supra*, 17 Cal.5th at p. 400; see also *People v. Salgado* (2022) 82 Cal.App.5th 376, 380–381 [defendant entitled to benefit of Assembly Bill 333 because his judgment was no longer final following recall and resentencing under § 1170, subd. (d)].)

## III.    Analysis and Remedy

The jury's findings on the gang allegations in 2015 were made prior to the amendments to section 186.22 and without the benefit of jury instructions on the elements added by Assembly Bill 333. Respondent concedes the record does not disclose the error was harmless beyond a reasonable doubt and that remand is required. (See *People v. Cooper* (2023) 14 Cal.5th 735, 742.) We accept respondent's concession.

The parties also agree, as do we, that upon remand the prosecution must be given an opportunity to establish the elements of the substantive gang offense charged in count 5 and the gang enhancements on counts 1 through 3 and 8 pursuant to amended section 186.22. Following any proceeding to establish those elements or if the prosecution chooses to forego its opportunity to comply with Assembly Bill 333, the trial court must conduct a full resentencing. (*People v. Sek* (2022) 74 Cal.App.5th 657, 669–670.)

## **DISPOSITION**

The sentence is vacated.  The gang conviction (§ 186.22, subd. (a); count 5) and true findings on the gang enhancements (§ 186.22, subd. (b)(1); counts 1, 2, 3 & 8) are reversed.  The matter is remanded to the trial court for resentencing.  Upon remand, the prosecution may elect to retry, under current law, the gang conviction and/or gang enhancements.  In all other respects, appellant's convictions are affirmed.


                                                    DE SANTOS, J.

WE CONCUR:


FRANSON, Acting P. J.


HARRELL, J.